IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION


DOMINION RESOURCES, INC.,


                                    Plaintiff,

v.                                              CIVIL ACTION NO.   2:13-cv-04757


DOMINION ENERGY GROUP LLC,

                                    Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Dominion Resources, Inc.'s motion to strike two Answers and a motion to dismiss filed on behalf of Defendant Dominion Energy Group LLC and for entry of default judgment against Defendant [ECF 14] .   Also pending is Defendant's motion to dismiss [ECF 12].   For the reasons that follow, the Court **GRANTS** Plaintiff's motion to strike and motion for default judgment.

*I.      BACKGROUND*

Plaintiff Dominion Resources, Inc. ("Dominion Resources"), by counsel, filed its Complaint against Defendant Dominion Energy Group LLC ("Dominion Energy") alleging various trademark infringement claims.   In its Complaint, Plaintiff Dominion Resource states that it is one of the largest producers and transporters of energy in the nation and is the exclusive owner of numerous registered trademarks including "Dominion," "Dominion Energy," and "Dominion Energy Solutions."   Plaintiff Dominion Resources alleges that Defendant Dominion Energy has

1

illegally used Plaintiff's trademarks and that Plaintiff twice demanded in writing that Defendant cease and desist from using Plaintiff's trademarks.  Edward Stephenson, Defendant's general counsel, managing member, and chief financial officer, allegedly advised Plaintiff on numerous occasions that Defendant was in the process of retaining counsel.  Mr. Stephenson allegedly assured Plaintiff that Defendant would "respond substantively" by a specified deadline.   (ECF 1 at 13.)  Plaintiff alleges that Defendant repeatedly missed deadlines that were agreed upon for Defendant's responses.

Plaintiff attached to its Complaint various exhibits, including copies of records from the United States Patent and Trademark Office evidencing the official registration of Plaintiff's various trademarks (ECF 1–1); an October 9, 2012, email from an individual to Defendant that claims that Charles Varney, a managing member of Defendant, had made statements insinuating that Defendant's company was affiliated with Plaintiff's business (ECF 1–3); a copy of Plaintiff's October 31, 2012, cease-and-desist correspondence sent via certified mail to Mr. Varney advising him of Plaintiff's belief that Defendant was using Defendant's trademarks without Plaintiff's consent and that the infringement had caused actual confusion by customers and the general public (ECF 1–4); and a copy of Plaintiff's January 17, 2013, cease-and-desist correspondence to Mr. Stephenson demanding immediate cessation of Defendant's use of Plaintiff's trademarks (ECF 1–5).

On June 26, 2013, an Answer (ECF 8) to Plaintiff's Complaint was filed on behalf of Defendant by Mr. Varney.  Mr. Varney has not made an appearance as counsel in this case and, based on Plaintiff's representations, Mr. Varney is not an attorney.   On July 23, 2013, Mr. Varney filed a second Answer on behalf of Defendant (ECF 11).   On August 16, 2013, Mr. Varney filed a motion to dismiss on behalf of Defendant contending that Plaintiff's Complaint fails to state a

claim upon which relief may be granted.   (ECF 12.)   Plaintiff, by counsel, responded in opposition to the motion to dismiss. (ECF 15.)

On August 29, 2013, Plaintiff filed its motion to strike the Answers and motion to dismiss filed by Mr. Varney and further moved for entry of default judgment.   (ECF 14.)   Plaintiff contends that in filing Answers on behalf of Defendant, Charles Varney, "purported to be acting *pro se* as the defendant in this action."   (ECF 14 at 1–2.)   Plaintiff cites authority for the rule that limited liability corporations such as Defendant are not permitted to proceed *pro se*.   (*Id.* at 2–3.) Plaintiff alleges that Mr. Varney is a "non-lawyer" and has filed two Answers and a motion to dismiss on behalf of Defendant, a limited liability company.   Defendant did not respond to Plaintiff's motion.

Because of Plaintiff's concerns about complying with various scheduling deadlines set forth in the Court's Scheduling Orders, on September 19, 2013, the Court's law clerk conducted a telephone conference with Plaintiff's counsel, Russell Jesse, and Mr. Stephenson concerning the question of whether Defendant intended to retain counsel.   During this conversation, Mr. Stephenson stated that Defendant had been in contact with an attorney in Charleston, West Virginia, and that Defendant intended to retain this attorney within the following two weeks. Based on that representation, the Court granted a two-week extension for the filing of the parties' Rule 26 report.   Mr. Stephenson acknowledged to the Court's law clerk that he understood the importance of Defendant's retention of counsel.

On October 4, 2013, Plaintiff filed a supplemental memorandum in support of its motion to strike Mr. Varney's Answers and for default judgment.   (ECF 17.)   There, Plaintiff represents that, contrary to Mr. Stephenson's September 19, 2013, representations to the Court's law clerk, Defendant has still failed to retain counsel.   On October 17, 2013, the Court entered an Order

stating that it would enter default judgment if Defendant did not retain counsel by October 28, 2013.  (ECF 18.)

To date, no attorney has made an appearance on behalf of Defendant.

*II. DISCUSSION*

A.    *Legal Standards*

Federal Rule of Civil Procedure 55 governs default judgments.  Rule 55 provides in pertinent part:

(a)    **Entering a Default.**   When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b)    **Entering a Default Judgment.**

(1)    ***By the Clerk.***   If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2)    ***By the Court.***   In all other cases, the party must apply to the court for a default judgment . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

"[T]rial judges are vested with discretion, which must be liberally exercised, in entering . . . [default] judgments and in providing relief therefrom." *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir. 1982).  However, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh,* 359 F.Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980)).  A

defaulting party admits the plaintiff's well-pleaded factual allegations in the complaint, in contrast to the allegations regarding damages. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001). Also, the party in default is not held to admit conclusions of law. *Id.* The Court may conduct a hearing to determine the amount of damages pursuant to Rule 55(b)(2), however, it may award damages without a hearing where the amount claimed is "capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Courts are afforded much discretion when determining the need for such a hearing. *Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly.").

      B.     *Analysis*

Plaintiff Dominion Resources is entitled to have the various filings made by Mr. Varney, a non-lawyer, stricken from the record. As noted, Defendant Dominion Energy is a limited liability company. As such, it is obligated to retain counsel to defend itself in this Court. *See MR Crescent City, LLC v. TJ Biscayne Holdings LLC*, No. 12–1432, 2013 WL 1243541 at 1 (4th Cir. Mar. 28, 2013) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.") and *United States v. Hagerman,* 545 F.3d 579, 581–82 (7th Cir. 2008) (LLCs, like corporations, are not permitted to proceed *pro se*)). In *United States v. Hagerman,* the Seventh Circuit explained its holding as follows:

> An individual is permitted by 28 U.S.C. § 1654 to proceed pro se in a civil case in federal court because he might be unable to afford a lawyer, or a lawyer's fee might be too high relative to the stakes in the case to make litigation worthwhile other than on a pro se basis. There are many small corporations and corporation

substitutes such as limited liability companies. But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. Pro se litigation is a burden on the judiciary . . . and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits. From that standpoint there is no difference between a corporation and a limited liability company, or indeed between either and a partnership, which although it does not provide its owners with limited liability confers other privileges, relating primarily to ease of formation and dissolution. That is why the privilege of pro se representation is, as we noted, denied to partnerships too.

545 F.3d at 581–82 (citations omitted). The Court finds the Seventh Circuit's reasoning persuasive. Accordingly, the Court **GRANTS** Plaintiff's motion to strike, **STRIKES** the two Answers (ECF 8, 11) filed by Mr. Varney, a non-lawyer, from the Court's docket, and also **STRIKES** the motion to dismiss (ECF 12) filed by Mr. Varney on behalf of Defendant.

Plaintiff is further entitled to entry of default judgment against Defendant Dominion Energy. Based on the factual allegations set forth in Plaintiffs' Complaint and its exhibits, which are taken as true in light of Defendant Dominion Resources' failure to defend itself, the Court **FINDS** that Plaintiff's Complaint sufficiently states claims entitling Plaintiff to relief under 15 U.S.C. §§ 1114(1) and 1125(a)[1] and **GRANTS** Plaintiff's motion for default judgment.

---

[1]  Section 1114(1) provides in pertinent part:

       Section 1114(1) provides in pertinent part:

       **Remedies; infringement; innocent infringement by printers and publishers**

(1)  Any person who shall, without the consent of the registrant--

  (a)  use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

  (b)  reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

With respect to its requested relief, Plaintiff seeks various items of injunctive relief and an unspecified amount of damages, attorneys' fees, and costs.  Plaintiff further requests that the Court schedule a hearing to determine the amount of damages owed to Plaintiff by Defendant. The Court declines to schedule a hearing at this time.   Rather, Plaintiff is **DIRECTED** to file with the Court on or before **December 2, 2013**, a memorandum and supporting affidavit or other materials evidencing the precise amount of monetary relief it seeks.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to strike the two Answers and the motion to dismiss filed on behalf of Defendant Dominion Energy Group LLC. [ECF 14.]   The Court also **GRANTS** Plaintiff's motion for entry of default judgment against Defendant. [ECF 14.]   The two Answers (ECF 8, 11) and the motion to dismiss (ECF12) are **STRICKEN** from the Court's Docket.   The Court **DIRECTS** the Clerk to enter default judgment against Defendant Dominion Energy.

---

shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive. . . .

Section 1125(a) provides in pertinent part:

(a)   Civil action

   (1)   Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

   (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

   (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Additionally, it is **ORDERED** that:

(1)     Defendant and its agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations, and others in privity and acting in concert with them are permanently enjoined from:

(i)   Using the Plaintiff Dominion Resource's trademarks and any other mark containing or consisting, in whole or in part, of the term "Dominion" and any other mark confusingly similar to the Dominion Marks, including in the advertising, offering for sale, and/or sale of products or services that may reasonably be encompassed by the Dominion Marks or which may constitute a natural zone of expansion for Dominion, including, but not limited to, any use in connection with the operation of a public utility services and energy provider;

(ii)   Using any service mark, trademark, trade name, trade dress, word, domain name, number, abbreviation, design, color, arrangement, collocation, or any combination thereof, which would imitate, resemble, or suggest the Dominion Marks;

(iii)     Otherwise infringing the Dominion Marks;

(iv)   Unfairly competing with Dominion or otherwise injuring its business reputation in any manner;

(v)   Publishing any telephone, directory, or Internet listing using the Dominion Marks and any other confusingly similar trademark to the Dominion Marks, in the advertising, offering for sale, and/or sale of goods or services that may reasonably be encompassed by the Dominion Marks, or which may constitute a natural zone of expansion for Dominion Resources and its affiliates and subsidiaries;

(vi)   Using or registering any domain name which is confusingly similar to the Dominion Marks in advertising, offering for sale public utility services and/or sale of energy; or any other goods or services that may reasonably be encompassed by the Dominion Marks, or which may constitute a natural zone of expansion for Dominion;

(2)     Charles Varney, Jr., Edward Stephenson, or other members of Defendant shall file with this Court and serve on Dominion, within ten days of the date of this Order a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with this Order; and

(3)     Defendant shall destroy all goods, advertisements, literature, signs, prints, packages, electronic files, or any other media, and all other materials in its possession or under its control bearing the Dominion Marks.

8

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to Charles Varney, Rt. 44 South 175 Leo Street, Whites Addition, Mt. Gay, West Virginia 25637 and Edward Stephenson, 50 Washington Street, 4th Floor, Norwalk, Connecticut 06854-2750.

ENTER:          November 7, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE